Lessee of John Yoder *against* William Fleming.

The marked trees and lines of a survey shall govern; not the return of survey, which is only evidence of it.

Ejecetment for lands in Union township.

The only question which occured in this cause, was, whether the pretensions of a party shall be determined by the courses and distances expressed in the return of survey, or by the marked trees and lines actually run?

The court in their charge to the jury, observed, that it was almost impossible to doubt on the subject. The natural or artificial boundaries of a survey have uniformly prevailed, and there is absolute certainty when a right line is followed from one marked corner to another; but the best surveying instruments will vary in some small degree. For the sake of public convenience and individual safety, all the lands comprised within certain marked lines, or by proceeding from marked and known corners, will pass to the grantee in a deed. Any surplus measure, or variation in the courses and distances set out, will not vitiate the instruments. The lines actually run on the ground are the true survey and appropriation of the land contracted for. But the return of survey is only evidence thereof, and shall be controlled by the actual survey. This point has frequently been determined; and particularly in the case of the lessee of John Walker v. Jacob Furry and Michael Krehl, tried at Nisi Prius at Carlisle before M'Kean Chief Justice, on the 26th November 1770, where several mistakes had been made in the return of survey.

Verdict for the plaintiff.

Mr Duncan, *pro quer.*
Messrs. Hamilton and Cadwalader, *pro def.*